PER CURIAM.
Robert Rakers appeals the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because he points out two probable scrivener’s errors in the judgment, we reverse.
While he complained of these errors in his motion, the trial court did not address them in its order, or attach the judgment in question to the order for our review.
Rakers appended to his brief on appeal what purports to be a copy of his judgment. This copy identifies the offense (second degree murder) as a second degree felony, while it is, in fact, a first degree felony punishable by life. It also incorrectly identifies the applicable statute number, which should reflect the violation of section 782.04(2), Florida Statutes (1989). We assume the copy of the judgment we have is a true one since we do not have the benefit of one submitted by the trial court, and if so, these errors require correction by the court below. The appellant need not be present.
Errors he points out in the guideline scoresheet need not be corrected as the plea was entered into for an upward departure, and the court had no need to rely on the scoresheet. The scoresheet correctly determined Rakers’ recommended range in sentencing. The other issues Rakers raised below and on appeal are without merit.
Should appellant seek further review of any actions of the trial court, his notice of appeal must be filed within thirty days.
Affirmed in part, reversed in part, and remanded.
THREADGILL, C.J., and DANAHY and CAMPBELL, JJ., concur.