PARKER, Judge.
Steven A. Spear appeals the judgment and sentence rendered following a no contest plea to crimes arising out of sexual acts with minors. We affirm the convictions but remand for correction of a scrivener’s error.
Spear argues that this court should reverse with directions to strike the requirement that he submit blood specimens because the trial court cited the incorrect statutory provision to support that order and Spear is no longer in Florida.[1] Spear concedes that section 943.325(l)(a), Florida Statutes (1993), would provide authority to require Spear to submit blood specimens if he resided in Florida. According to Spear, this provision only applies to defendants “who are within the confines of the legal state borders.” However, the statute contains no such requirement. The statute states:
Any person convicted in this state on or after January 1, 1990, of any offense or attempted offense defined in chapter 794, relating to sexual battery, or of any offense or attempted offense under chapter 800, relating to lewd and lascivious conduct, shall, upon conviction, be required to submit two specimens of blood to a Department of Law Enforcement designated testing facility as directed by the department.
Id. (emphasis added.) Because Spear was convicted in Florida, section 943.325(l)(a) applies to him regardless of the fact that he currently resides out-of-state. Therefore, we remand for correction of the judgment and sentence to require Spear to submit blood samples pursuant to section 943.325(l)(a). See Rakers v. State, 664 So.2d 1038, 1039 (Fla. 2d DCA 1995) (remanding for correction of the judgment and sentence to reflect the correct statutory provision violated). Spear need not be present. Id. In all other respects, the convictions and sentences are affirmed.
PATTERSON, C.J., and BLUE, J., Concur.

. Spear is serving a sentence in federal prison following a revocation of his parole.